JUDGE GARDEPHE

12 CIV 0768

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

TODD KREISLER,                          )
                                        )
                    Plaintiff,          )
                                        )      Civil Action No. _____
        v.                              )
                                        )
TRATTORIA PICCOLA BOLOGNA CORP.,        )
a New York corporation,                 )
d/b/a PESCE & PASTA EAST,               )
and KOSCAL 59, LLC,                     )
a New York limited liability company,   )
                                        )
                    Defendants.         )
                                        )
_____/

RECEIVED
JAN 31 2012
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and sues TRATTORIA PICCOLA BOLOGNA CORP., a New York corporation, d/b/a PESCE & PASTA EAST, and KOSCAL 59, LLC, a New York limited liability company (hereinafter collectively the "Defendants"), for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York City Human Rights Law and the New York State Executive Law and allege:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA"), the Administrative Code of the City of New York § 8-107 et. seq., (hereinafter referred to as the "New York City Human Rights Law"), and the New York State Executive Law § 296 et. seq., (hereinafter referred to as the "New York State Human Rights Law"). This Court is

vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The New York City and New York State claims are properly before this Court under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

2.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) in that all events giving rise to this lawsuit occurred in New York County, New York.

3.      At the time of the Plaintiff's visit to PESCE & PASTA EAST, prior to instituting the instant action, TODD KREISLER (hereinafter referred to as "KREISLER") was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. Mr. Kreisler has physical impairments resulting from cerebral palsy and rheumatoid arthritis, conditions that inhibit the major life activity of walking and substantially limit him in the exercise of normal bodily functions. Prior to filing this lawsuit, the Plaintiff personally visited PESCE & PASTA EAST, but was denied full and equal access to, and full and equal enjoyment of, the facilities within PESCE & PASTA EAST, which is the subject of this lawsuit.

4.      The Defendants, TRATTORIA PICCOLA BOLOGNA CORP., a New York corporation, and KOSCAL 59, LLC, a New York limited liability company, are both authorized to conduct and are conducting, business within the State of New York. Upon information and belief, TRATTORIA PICCOLA BOLOGNA CORP. is the lessee and/or operator of the Subject Facility, and owner of the improvements on the real property where the Subject Facility is located which are the subjects of this action, the restaurant commonly referred to as PESCE & PASTA EAST located at 1079 1st Avenue, New York, New York (hereinafter referred to as "PESCE & PASTA EAST") which also maintains and controls the Subject Facility.  Upon information and belief, KOSCAL 59, LLC is the owner and lessor of the real property where the

Subject Facility is located which is the subject of this action, the business commonly referred to as PESCE & PASTA EAST located at 1079 1st Avenue, New York, New York (hereinafter the "Subject Facility") which also maintains and controls the subject real property.

5.       All events giving rise to this lawsuit occurred in the State of New York.  Venue is proper in this Court as the premises is located in New York County in the Southern District.

### COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6.       On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(a).

7.       Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, PESCE & PASTA EAST is a place of public accommodation in that PESCE & PASTA EAST operates as a restaurant which provides food, beverages and services to the public.

8.       Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

9.       The Plaintiff is informed and believes, and therefore alleges, that PESCE & PASTA EAST has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1992.

10.      Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at PESCE & PASTA EAST  in derogation of 42 U.S.C. § 12101 et. seq. and as prohibited by 42

U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

11.     The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered at PESCE & PASTA EAST.  Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all of the benefits, accommodations and services of the Defendant, TRATTORIA PICCOLA BOLOGNA CORP.'s restaurant.  Prior to the filing of this lawsuit, KREISLER personally visited PESCE & PASTA EAST with the intention of using PESCE & PASTA EAST's facilities, but was denied full and safe access to the facilities within PESCE & PASTA EAST due to his mobility impairment and therefore suffered an injury in fact.  In addition, Plaintiff continues to desire to visit PESCE & PASTA EAST in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at PESCE & PASTA EAST in violation of the ADA.

12.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

13.     The Defendants' Subject Facility is in violation of 42 U.S.C. § 12181 et. seq., the ADA and 28 C.F.R. § 36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

i.      Failure to provide an accessible entrance due to a step and the failure to install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance as required by 28 C.F.R. Part 36.

ii.     Failure to provide adequate directional and accurate informational signage as required by § 4.1.3(16), 28 C.F.R. Part 36.

iii.    The bar counter is higher than 36 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2 which requires a maximum height of bar counter, or a 60 inch wide section of it, to be 36 inches.

iv.     Failure to provide signage addressing people with disabilities telling them that accessible services are provided, as required by 28 C.F.R. Part 36, Section 4.30.4.

v.      Failure to modify restrooms for accessibility, including, failing to:

    a.      modify restroom for accessibility, including, but not limited to, rearranging walls and doors to provide sufficient accessibility and maneuvering space for individuals with disabilities as required by 28 C.F.R. Part 36.

    b.      provide requisite maneuvering offset areas for opening door, to allow required access and an accessible route into and out of restrooms as required by 28  C.F.R. Part 36, Section 4.3.

    c.      rearrange doors, toilet and lavatory to increase maneuvering space and proved proper accessibility for the disabled as required by 28

C.F.R. Part 36, Section 4.3.

d.      provide at least 17 inches depth clearance under lavatory as required by 28 C.F.R. Part 36, Section 4.19.2.

e.      provide the required underside clearance of at least 29 inches above the finish floor to the bottom of the apron under lavatories for accessibility in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.

f.      install the required rear grab bar around an accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.

g.      install the required back grab bar around an accessible toilet in accordance with 28 C.F.R. Part 36, Section 4.17.

h.      provide appropriate signage on the outer door indicating that the restroom is handicap accessible as required by 28 C.F.R. Part 36, Section 4.30.

vi.     provide adequate directional and informational signage as required by 28 C.F.R. Part 36, Section 4.1.2(7)(d).

vii.    provide a safe handicap accessible emergency exit from the Subject Facility due, in part, to a step immediately outside the exit, in violation of 28 C.F.R. Part 36.

14.     Upon information and belief, there are other current violations of the ADA at PESCE & PASTA EAST and only once a full inspection is done can all said violations be identified.

15.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the

provisions of the ADA.

16.    Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, the

Defendants were required to make the Subject Facility, a place of public accommodation,

accessible to persons with disabilities since January 26, 1992.  To date, the Defendants have

failed to comply with this mandate.

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

17.    The New York City Human Rights Law provides:

(a)  It shall be an unlawful discriminatory practice for any person, being the owner,
lessee, proprietor, manager, superintendent, agent or employee of any place or provider
of public accommodation because of the actual or perceived … disability … of any
person, directly or indirectly, to refuse, withhold from or deny to such person any of the
accommodations, advantages, facilities or privileges thereof … to the effect that any of
the accommodations, advantages, facilities and privileges of any such place or provider
shall be refused, withheld from or denied to any person on account of … disability …

NYC Admin. Code § 8-107(4)(a).

18.    Defendants' TRATTORIA PICCOLA BOLOGNA CORP. and KOSCAL 59,

LLC are in violation of the New York City Human Rights Law by denying the Plaintiff full and

safe access to all of the benefits, accommodations and services of the Subject Facility.

19.    The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 16 as

if set forth in their entirety here.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

20.    The New York State Human Rights Law provides:

(a)  It shall be an unlawful discriminatory practice for any person, being the owner,
lessee, proprietor, manager, superintendent, agent or employee of any place of public
accommodation…. because of the … disability … of any person, directly or indirectly, to
refuse, withhold from or deny to such person any of the accommodations, advantages,
facilities or privileges thereof … to the effect that any of the accommodations,
advantages, facilities and privileges of any such place shall be refused, withheld from or
denied to any person on account of … disability …

NYS Exec. Law § 296 (2)(a).

21.     Defendants' TRATTORIA PICCOLA BOLOGNA CORP. and KOSCAL 59, LLC are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

22.     The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 19 as if set forth in their entirety here.

### ATTORNEY'S FEES AND COSTS

23.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

### DAMAGES

24.     The Plaintiff demands ONE-THOUSAND DOLLARS ($1,000.00) in compensatory damages based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law.

### INJUNCTIVE RELIEF

25.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following relief:

A.      The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA, the New York State Human Rights Law and the New York City Human Rights Law;

B.      The Court enter an Order requiring the Defendants to alter its facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA; and requiring the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

C.      The Court award reasonable attorney's fees, costs, and litigation expenses, and such other and further relief of suit, to the Plaintiff;

D.      The Court award compensatory damages to the Plaintiff based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law;

E.      The Court award such other and further relief as it deems just and proper.

Dated this 30th day of January 2012.

Respectfully submitted,

Adam T. Shore, Esq.  (AS4825)
Law Office of Adam Shore
Attorney for Plaintiff
100 Park Avenue, Suite 1600
New York, New York 10017
Telephone:    (646) 476-4296
Facsimile:     (646) 390-7422
Email:           atsesq@gmail.com