**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
TODD KREISLER,

                Plaintiff,

   v.

TRATTORIA PICCOLA BOLOGNA CORP.,
a New York corporation,
d/b/a PESCE & PASTA EAST,
and KOSCAL 59, LLC,
a New York limited liability company,

                Defendants.
_____/

**Civil Action No. 12 Civ. 0768 (PGG)**
**ECF CASE**

**PLAINTIFF'S VERIFIED**
**MOTION FOR FEES AND**
**COSTS WITH INCORPORATED**
**MEMORANDUM**

      Plaintiff, TODD KREISLER, pursuant to 42 U.S.C. § 1988, and Rule 54(d) of the Federal Rules of Civil Procedures, Plaintiff and Plaintiff's counsel move the Court for an award of attorney's fees, expert fees, and costs as it relates to this matter, against TRATTORIA PICCOLA BOLOGNA CORP., a New York corporation, and KOSCAL 59, LLC, a New York limited liability (hereinafter referred to as "Defendants") in the total amount of $14,796.29.  This Motion is supported by the following Memorandum of Law, Exhibits "A" and "B" attached hereto in support of the amount requested.

## **TABLE OF CONTENTS**

|  | PAGE/ EXHIBIT |
|---|---|
| **TABLE OF CASES** …………………………………………………….. | 3 |
| **FACTS**……………………………………………………………………. | 5 |
| **ARGUMENT** …………………………………………………………….. | 6 |
|     **I.**    **ATTORNEY'S FEES** ……………………………..……………. | 6 |
|     **II.**   **COSTS** ……………………………………………………………… | 9 |
|     **III.**  **EXPERT FEES** …………………………………………….......... | 10 |
| **CONCLUSION** …………………………………………………………. | 11 |
| **Time and Expense Sheet** ………………………………………………….. | EXHIBIT "A" |
| **Expenses paid** ……………………………………………….………... | EXHIBIT "B" |

## TABLE OF CASES

|  | PAGE |
|---|---|
| Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001) | 6 |
| Roberson v. Giuliani, 346 F.3d 75 (2nd Cir. 2003) | 6 |
| American Disability Association, Inc. v. Chmielarz, 289 F.3d 1315 (11th Cir. 2002) | 6 |
| Habich v. City of Dearborn, 331 F.3d 524 (6th Cir. 2003) | 6 |
| Barrios v. Cal. Interscholastic Federation, 277 F.3d 1128 (9th Cir. 2002) | 6 |
| Hensley v. Eckerhart, 461 U.S. 424 (1983) | 7 |
| Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392 (6th Cir. 1995) | 7 |
| Blum v. Stenson, 465 U.S. 866 (1984) | 7 |
| Gaines v. Doughtery County Bd. of Education, 775 F. 2d 1565 (11th Cir. 1985) | 7 |
| Geier v. Sundquist, 372 F.3d 784 (6th Cir. 2004) | 7 |
| Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). | 7 |
| Steven Brother v. BFP Investments, Ltd., Case No. 03-60129-Civ-Marra/Dube (S.D. Fla. 2005) | 7 |
| Access 4 All, Inc. v. Park Lane Hotel, Inc., Case No. 04 Civ. 7174 (S.D.N.Y. 2005) | 8 |
| Access 4 All, Inc. v. Hi 57 Hotel LLC, Case No. 04 Civ. 6620 (S.D.N.Y. 2006) | 8 |
| Access 4 All, Inc. v. Trump Int'l Hotel, Case No. 04 Civ. 7497 (S.D.N.Y 2008) | 8 |
| Todd Kreisler v. Naima Corp., et al., Case No. 10 Civ. 4660 (S.D.N.Y. 2010) | 8 |
| James v. Wash Depot Holdings, 489 F.Supp.2d. 1336 (2007) | 8 |
| Lane v. Acquisitions and Management Co., 554 F.7 Supp. 2d 1345 (2008) | 8 |
| Topp. Inc. v. Uniden America Corp., 2007, U.S. Dist., Lexis 53750 (S.D. Fla. 2007) | 8 |

Lani v. State of New Jersey, 259 F.3d 146 (3rd Cir. 2001) ..... 9

Dowdell v. City of Apopka, 698 F.2d 1181 (1983) ..... 9

Robins v. Scholastic Book Fairs, 928 F.Supp. 1027 (D. Or. 1996) ..... 10

Ziter v. Vista Designs, Inc., Case No. 00-Civ-7137 (S.D. Fla. 2001) ..... 10

## FACTS

The Plaintiff, TODD KREISLER, a wheelchair bound individual, brought this action against Defendants TRATTORIA PICCOLA BOLOGNA CORP. and KOSCAL 59, LLC, claiming that TRATTORIA PICCOLA BOLOGNA CORP. is the lessee and/or operator of the Subject Facility, and owner of the improvements on the real property where the Subject Facility is located which are the subjects of this action, the restaurant commonly referred to as PESCE & PASTA EAST located at 1079 1st Avenue, New York, New York (hereinafter referred to as "PESCE & PASTA EAST") which also maintains and controls the Subject Facility and that KOSCAL 59, LLC is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the business commonly referred to as PESCE & PASTA EAST, located at 1079 1st Avenue, New York, New York, and that said Subject Facility is a public accommodation as defined by 28 C.F.R. Part 36.104, and is in violation of the American With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"), because architectural barriers exist at the said property which prevent the Plaintiff and other disabled individuals from equally using and enjoying the goods and services offered at the Subject Facility.

A copy of the Summons and Complaint was served on Defendants TRATTORIA PICCOLA BOLOGNA CORP. and KOSCAL 59, LLC on February 7, 2012, and said Defendants failed to file any responsive pleading with the Court. On March 12, 2012, the Clerk of the Court entered Certificate of Defaults against defendants TRATTORIA PICCOLA BOLOGNA CORP. and KOSCAL 59, LLC.

On April 5, 2012, a Final Default Judgment Order was issued against Defendants TRATTORIA PICCOLA BOLOGNA CORP. and KOSCAL 59, LLC, and was So

Ordered by The Honorable Paul G. Gardephe.  The Final Default Judgment Order was entered in favor of the Plaintiff and against Defendants TRATTORIA PICCOLA BOLOGNA CORP. and KOSCAL 59, LLC, and entitled Plaintiff to, *inter alia*, file a motion for attorney's fees within fourteen (14) days of final judgment.

The Plaintiff, TODD KREISLER, brought this action seeking declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"), and attorney's fees and costs are to be paid by the Defendants pursuant to pursuant to 42 U.SC. § 12205, the Administrative Code of the City of New York § 8-502 (f), and 28 C.F.R. 36.505.

## ARGUMENT

**I.  ATTORNEY'S FEES**

Attorney's fees, expert fees, litigation expenses and costs are recoverable under the ADA, 42 U.S.C. § 12205.  To recover attorney's fees under 42 U.S.C. § 12205 a Plaintiff must be a prevailing party. Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res., 532 U.S. 598 (2001).  In order to be a "prevailing party" under Buckhannon, a Plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. Roberson v. Giuliani, 346 F.3d 75 (2d Cir. 2003); American Disability Association, Inc., v. Chmielarz, 289 F.3d 1315 (11th Cir. 2002); Habich v. City of Dearborn, 331 F.3d 524 (6th Cir. 2003); Barrios v. Cal. Interscholastic Federation, 277 F.3d 1128 (9th Cir. 2002).  Accordingly, in this instant matter, Plaintiff is the prevailing party against the Defendants, and is entitled to reasonable attorney's fees, expert fees and costs.

In a civil rights case, the amount of an award of attorney's fees is determined by using the "lodestar" method: the value of a lawyer's service is calculated by determining a reasonable hourly rate for the provisions of legal services and multiplying that rate by hours reasonably expended. Hensley v. Eckerhart, 461 U.S. 424 (1983); Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392 (6th Cir. 1995). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience and reputation. Blum v. Stenson, 465 U.S. 866 (1984); Gaines v. Doughtery County Bd. of Education, 775 F. 2d 1565 (11th Cir. 1985); Geier v. Sundquist, 372 F.3d 784 (6th Cir. 2004).

With respect to the issue of hourly rate, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of the witnesses as to value." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).

Plaintiff's counsel has applied the hourly rate of $425 per hour for Adam Shore, Esq. The hourly rate sought in this case is within the range of rates charged by other attorneys in similar cases with similar legal experience. Plaintiff's counsel has a significant amount of experience regarding disability law and the ADA, having been counsel on numerous similar type cases. Civil rights and labor attorneys, with similar legal experience to Plaintiff's counsel, have been awarded $350 to $551 in jurisdictions spanning from Florida to New York. Steven Brother v. BFP Investments, Ltd., Case No. 03-60129-Civ-Marra/Dube (S.D. Fla. 2005) (awarding $385 per hour in a Title III ADA

action); Access 4 All, Inc. v. Park Lane Hotel, Inc., Case No. 04 Civ. 7174 (S.D.N.Y. 2005) (awarding $350 per hour); Access 4 All, Inc. v. Hi 57 Hotel LLC, Case No. 04 Civ. 6620 (S.D.N.Y. 2006) (awarding $350 per hour); Access 4 All, Inc. v. Trump Int'l Hotel, Case No.: 04 Civ. 07497 (S.D.N.Y. 2008) ($375 per hour in a ADA Title III action); Todd Kreisler v. Naima Corp., et al. Case No. 10 Civ. 4660 (S.D.N.Y. 2010) (awarding $425 per hour to Plaintiff's counsel in the case at bar); James v. Wash Depot Holdings, 489 F.Supp.2d. 1342 (2007) (awarding $450 per hour); Lane v. Acquisitions and Management Co., 554 F.7 Supp. 2d 1345 (S.D. Fla. May 9, 2008) (awarding $450 per hour); Topp. Inc. v. Uniden America Corp., 2007, U.S. Dist., Lexis 53750 (S.D. Fla. 2007) (awarding $551 per hour).

Accordingly, it is clear that the rate of $425 per hour for Plaintiff's attorney for work performed in this case is well within the customary range of rates charged by other attorneys with similar legal experience, and within the range awarded in similar cases.

In determining the reasonableness of the attorney's hourly rate, the Court should utilize the following criteria:

1. The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.

Considerable time and labor were required to obtain an Order of Default Judgment against the Defendants. Plaintiff filed this action requesting that said Defendants timely remove barriers to access its facility, so that Plaintiff and other wheelchair bound persons could avail themselves of the same goods and services enjoyed by the public. Rather than promptly agreeing to bring its facility into ADA compliance, the Defendants failed to answer the Complaint.

2. The fee customarily charged in the locality for similar legal services.

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider rates awarded in other cases to other attorneys with similar experience to Plaintiff's counsel.  The current market rate is the rate at the time of the Fee Petition, not the rate at the time the services were performed.  This takes into account the delay in payment.  Lani v. State of New Jersey, 259 F.3d 146 (3rd Cir. 2001).  Additionally, in considering the rates awarded in prior cases, Courts adjust rates upward to account for inflation.

      3.      Retainer Agreement

The Retainer Agreement in this case permits for the attorney to be reimbursed for attorney's fees and costs.

## II. COSTS

We now turn to the items requested to be taxed as costs in the case.  Filing fee, service of process fee, Federal Express charges, etc., are not unusual.  These items were awarded by the Courts in Brother, supra, and Absecon, supra, and Dowdell v. City of Apopka, 698 F.2d 1181 (11th Cir. 1983).

Furthermore, pursuant to 42 U.S.C. § 12205, in an ADA cases, a party may also recover expenses normally not available under 28 U.S.C. § 1920.  Dowdell v. City of Apopka, supra.  In Dowdell, a civil rights case involving fees and costs under 42 U.S.C. § 1988, the 11th Circuit reversed the District Court's refusal to tax travel, telephone and postage expenses as costs against the Defendant.  The Court stated as follows:

> Where cost-shifting is expressly authorized the Statute, "the traditional limitations of Rule 54(d) and 28 U.S.C. § 1920 and 1923(a) do not apply." Id. at 1188-89.  We hold, with the exception of routine office overhead normally absorbed by its practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs

under Section 1988. As is true in other applications of Section 1988, the standard of reasonableness is given a liberal interpretation.

In this case, the costs of The Law Offices of Adam Shore total $771.29 as set forth in attached Exhibit "A". For clarification, the costs and expenses totaling $771.29 includes $250 for the expert pre-suit inspection, which if calculated separately, leaves a balance for costs in the amount of $521.29.

### III.  EXPERT FEES

Plaintiff's counsel requests the payment of expert fees. While expert fees are not normally permitted under the fee-shifting statutes, they are when specifically allowed by statute. Expert fees are allowable under the Act and were a part of Plaintiff's attorney's litigation expenses. In Robins v. Scholastic Book Fairs, 928 F.Supp. 1027 (D. Or. 1996) (finding that litigation expenses include the costs of expert witnesses). Likewise, in Ziter v. Vista Designs, Inc., Case No. 00-Civ-7137 (S.D. Fla. 2001), the Court awarded the Plaintiff's expert witness fees on the basis that expert witness fees are considered "litigation expenses." See Ziter at 5 citing Robins at 1036 ("litigation expenses include the costs of expert witnesses.")

As explained in Appendix B to 28 C.F.R. Par 36 (p. 640) – PREAMBLE TO REGULATION ON NONDISCRIMINATION ON THE BASIS OF DISABILITY BY PUBLIC ACCOMMODATIONS AND IN COMMERCIAL FACILITIES (PUBLISHED JULY 26, 1991),

> Section 36.505 states that Courts are authorized to award attorneys fees, including litigation expenses and costs, as provided in Section 505 of the Act. Litigation expenses include items such as expert witness fees, travel expenses, etc.. The Judiciary Committee Report specifies that such items are included under the rubric of "attorneys fees"… [emphasis added].

In <u>Dowdell</u>, the Court held that Courts have long awarded expenses liberally (including expert fees) as part of the costs in civil rights litigation and that "…fees under the Act must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the costs litigation," <u>Dowdell</u>, supra, at 1188-1190.  The liberal approach is taken in order to encourage the private enforcement of the ADA, *Id.* at 1191.

Experts are necessary in ADA actions and Federal Courts have routinely awarded expert fees in actions to enforce the Americans with Disabilities Act.  It is within the Court's discretion to award a prevailing party under the ADA expert fees.  42 U.S.C. § 12205; 42 U.S.C. § 12117(a) (stating that the powers, remedies, and procedures available under Title VII, 42 U.S.C. § 2000E-5 are available under the ADA).

## IV.   CONCLUSION

The Plaintiff's attorney's fees, costs and litigation expenses including expert fees are as follows:

(a)   The Plaintiff has incurred $14,796.29 for attorney's fees based on an hourly rate of $425 per hour for legal services by the undersigned attorney for the Plaintiff.

(b)   Attached, as Exhibit "A", is the detailed itemization showing the number of hours reasonably expended, the basis for those hours, and the hourly rates charged. Plaintiff's counsel certifies that he has fully reviewed the time records and supporting data and that the Motion is well grounded in fact and is justified.

(c)   See Exhibit "B" for copies of invoices and checks for various fees and professional services rendered.

WHEREFORE, it is respectfully requested that the Court award the Plaintiff's undersigned counsel attorney's fees, expert fees and costs, to be paid by Defendants TRATTORIA PICCOLA BOLOGNA CORP. and KOSCAL 59, LCC, in the total sum of $14,796.29.

Dated: New York, New York
       April 9, 2012

                                        Respectfully submitted,


                                        s/Adam Shore
                                        Adam T. Shore, Esq.
                                        Law Offices of Adam Shore
                                        Attorney for Plaintiff
                                        100 Park Avenue, Suite 1600
                                        New York, New York 10017
                                        Telephone:  (646) 476-4296
                                        Facsimile:  (646) 390-7422
                                        Email:      atsesq@gmail.com